IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01596-BNB

CHARLES SHIRLEY, JR.,

    Applicant,

v.

JOHN DAVIS, Warden, Buena Vista Correctional Facility,  and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, Charles Shirley, Jr., a state prisoner in the custody of the Colorado Department of Corrections, currently is incarcerated at the Correctional Complex in Buena Vista, Colorado.  Mr. Shirley, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in Boulder County District Court Case No. 02CR1364.

    On July 29, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response on August 19, 2011; Mr. Shirley filed a Reply on September 6, 2011.

    The Court must construe liberally the Application filed by Mr. Shirley because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not

"assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

In July 2003, Mr. Shirley was convicted by a jury of sexual assault on a child and of sexual assault. Pre-Answer Resp. at 1; Application at 2. Mr. Shirley was sentenced to six years to life in prison. *Id.* The Colorado Court of Appeals (CCA) reversed the judgment of conviction in part, vacating Mr. Shirley's conviction for sexual assault and finding sexual assault on a child is a lesser included offense of sexual assault. Pre-Answer Resp. at Ex. B. On June 12, 2006, the Colorado Supreme Court (CSC) denied Mr. Shirley's petition for certiorari review of the CCA's decision. *Id.* at Ex. G.

On October 17, 2006, Mr. Shirley filed a Colo. R. Crim. P. 35(b) motion for reconsideration of sentence and a request for correction of the mittimus in keeping with the CCA's opinion. *Id.* at Exs. A and H. The trial court, on July 16, 2007, denied the motion for reconsideration and directed the mittimus to be amended in keeping with the CCA's opinion. *Id.* at Ex. A. Mr. Shirley did not appeal.

Then on August 18, 2007, Mr. Shirley filed a Colo. R. Crim P. 35(a) postconviction motion for correction of an illegal sentence, asserting that his indeterminate sentence violates his constitutional rights under *Apprendi* and *Blakely*, and state law. *Id.* at Ex. I. The trial court adopted the state's response to the motion for correction on December 17, 2007, denying all substantive claims on the merits and ordering a second amended mittimus to correct the amended mittimus that had been issued on July 19, 2007 *Id.* at Ex. K. The order adopting the state's response was entered on the docket on January 18, 2008. *Id.* at Ex. A.

On June 2, 2008, Mr. Shirley filed a motion for judgment on postconviction motion, in which he requested that the court rule on the remaining issues in his August 18, 2007 motion. *Id.* at Exs. A and L. The trial court denied the motion on its face on June 18, 2008, and reaffirmed its denial on July 3, 2008. *Id.* at Exs. L and M. Mr. Shirley then filed an appeal, but the CCA dismissed the appeal on June 18, 2009, because Mr. Shirley failed to file an opening brief. *Id.* at Ex. N.

Prior to the June 18 dismissal of his appeal, Mr. Shirley filed a second Rule 35(a) postconviction motion for correction of an illegal sentence on June 1, 2009, claiming that his sentence was contrary to Colorado law. *Id.* at Ex. O. The trial court denied the motion on August 17, 2009, *Id.* at Exs. A and P. Mr. Shirley appealed, the CCA affirmed the trial court's August 2009 order, and the CSC denied a petition for certiorari review on March 28, 2011. *Id.* at Exs. S and T. Mr. Shirley initiated this action on June 17, 2011.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Shirley's conviction became final on September 10, 2006, when the time for seeking review of his direct appeal in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Accordingly, time began to run on September 11, 2006, for the purposes of § 2244(d).

The Court next must determine whether any of Mr. Shirley's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

The one-year limitation period ran from September 11, 2006, the day after Mr. Shirley's conviction became final, until October 16, 2006, the day prior to when he filed a Rule 35(b) postconviction motion, a total of thirty-five days. The trial court denied the postconviction motion on July 16, 2007. Forty-five days later, on August 30, 2007, the motion was final. *See* Colo. App. R. 4(b). However, because Mr. Shirley filed a Rule 35(a) postconviction motion on August 18, 2007, the time was tolled from October 17,

2006, until after the time ran for Mr. Shirley to appeal the denial of the Rule 35(a) postconviction motion, which was on March 3, 2008.

The next motion Mr. Shirley filed on June 2, 2008, was not a new postconviction motion but an inquiry regarding the denial of his August 18, 2007, postconviction motion. This motion, therefore, is not a properly filed postconviction motion and does not toll the time for purposes of § 2244(d). A motion for postconviction relief is properly filed under § 2244(d) when it complies with state filing requirements. *See Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) (citing *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000)); *see also Pace v. DiGuglielmo*, 544 U.S. 408 (2005). A motion for relief pursuant to Colorado Rule of Criminal Procedure 35 tolls the statute of limitations if the state court treats the motion as a motion for postconviction relief, *Habteselassie,* 209 F.3d at 1213, and if the motion requests appointment of new counsel, seeks postconviction relief, and states adequate grounds for relief, *see Pursley v. Estep, et al.*, 216 F. App'x 733, 734 (10th Cir. 2007) (citing *Habteselassie*, 209 F.3d at 1213).

Nothing in the state court's order denying Mr. Shirley's June 2 motion indicates the court was treating the motion as a new, separate postconviction motion. Nor did Mr. Shirley request new counsel or present new grounds for relief in the June 2 motion. Because the motion was not a properly filed postconviction motion the time the appeal of the motion was pending also would not toll the time under § 2244(d).

From March 4, 2008, the day after Mr. Shirley's first Rule 35(a) postconviction motion became final, until May 31, 2009, the day prior to when Mr. Shirley filed his second Rule 35(a) postconviction motion, a total of 454 days, is not tolled. Combining

Case 1:11-cv-01596-LTB Document 15 Filed 11/03/11 USDC Colorado Page 6 of 8

the thirty-five days from September 11, 2006, until October 16, 2006, and the 454 days, the total time not tolled for purposes of § 2244(d) is 489 days. Accordingly, unless equitable tolling applies, Mr. Shirley's Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, "[a] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Mr. Shirley fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. In the Application, on Page Seven

under Section "F. Timeliness of Application," Mr. Shirley does not explain why the Application is timely, but only lists the dates of when his postconviction motions were pending in state court. Also, in his Reply, Mr. Shirley does not address Respondents' arguments regarding the timeliness of his Application under § 2244(d).

Mr. Shirley sets forth two statements in the Reply that may address timeliness. He claims that he has "good cause for his failure to exhaust" and "there is no indication that [he] engaged in intentionally dilatory litigation tactics." Reply, Doc. No. 14, at 2. These claims are conclusory and vague and fail to assert with specificity the steps he took to pursue his federal claims and why equitable tolling is appropriate.

The January 18, 2008, order is clear that Mr. Shirley's October 17 postconviction motion was denied on the merits. Mr. Shirley's failure to appeal the January 18 denial on a timely basis and his delay of five months to challenge the January 18 order does not indicate he pursued his claims diligently or that some extraordinary circumstance stood in his way preventing him from doing so. Therefore, the Application will be denied as time-barred under 28 U.S.C. § 2244(d).

Because the action is time-barred, the Court need not address Respondents' argument that Mr. Shirley failed to exhaust his state court remedies in Claims Five through Eight. Accordingly, it is

ORDERED that Mr. Shirley's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Shirley has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this  3rd  day of    November    , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court