IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01596-LTB

CHARLES SHIRLEY, JR.,

    Applicant,

v.

JOHN DAVIS, Warden, Buena Vista Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

ORDER DENYING MOTION FOR RECONSIDERATION

    Applicant, Charles Shirley Jr., acting *pro se*, filed a Motion for Reconsideration asserting equitable tolling of the 28 U.S.C. § 2244(d) one-year limitation and seeking reinstatement of this case. The Court must construe the Motion liberally because Mr. Shirley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Shirley's Motion for Reconsideration pursuant to Rule 59(e) because the

motion was filed within twenty-eight days after the Court dismissed this action as time-barred.  *See Van Skiver*, 952 F.2d at 1243 (previous ten-day limit applied to Rule 59(e) filings).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

First, Mr. Shirley alleges in the Motion for Reconsideration that equitable tolling should apply because Colo. R. Crim. P. 35(b) suspends the finality of a conviction for 120 days from the date the sentence is imposed or for 120 days after a final disposition of an appeal.  Based on this argument, Mr. Shirley contends that his sentence was not final until March 4, 2008.  Mr. Shirley's argument is flawed.  The 120-day time to file a Rule 35(b) motion in state court does not toll the time for purposes of 28 U.S.C. § 2244(d).  Under § 2244(d) Mr. Shirley must have a postconviction motion or collateral proceeding pending in state court to toll the time.  I found in the Order of Dismissal that Mr. Shirley did not have a properly filed postconviction motion or collateral proceeding pending in state court for 489 days.  Order of Dismissal, Doc. No. 15, at 6.

Second, Mr. Shirley asserts that the time should be tolled because he did not receive a copy of the order of January 18, 2008, that denied the August 16, 2007, postconviction motion and not until July 3, 2008, did the court provide him with a notice

of the denial.

Respondents have provided a copy of the response to the August 16 motion filed by the State. On December 17, 2007, the state district court judge signed and dated the response and wrote "so ordering." See Pre-Answer Resp. at Doc. 13-12. The response requests that the court deny all of Mr. Shirley's claims without a hearing. Mr. Shirley does not deny that he received a copy of the December 17 order entered by the court ordering the denial of the August 16 motion.

The Court also notes that Mr. Shirley had to have received some notification by the district court regarding the disposition of his August 16 Rule 35(a) postconviction motion because he acknowledged in his June 2, 2008 motion for judgment filed in the state district court that the court had ruled in part on the August 16 motion in a January 10 order. See Pre-Answer Resp. at 13-13. Therefore, I find it is unreasonable Mr. Shirley waited almost five months to inquire about any remaining issues that were not denied in the alleged January 10 order. I further note that even though Mr. Shirley refers to a January 10 order the state criminal docket does not identify any entry on January 10, 2008. See Pre-Answer Resp. at 13-1. I also note that Mr. Shirley concedes the postconviction motion he filed on June 2, 2008, was a defective pleading, and as found in the Order of Dismissal he did not have a postconviction motion or collateral proceeding pending in state court from March 4, 2008, until May 31, 2009, a total of 454 days.

Mr. Shirley's claims, therefore, lack credibility and do not support a finding that he pursued his claims with due diligence. Nothing Mr. Shirley asserts supports a finding of equitable tolling. Therefore, he has failed to demonstrate some reason why I should

reconsider and vacate the order to dismiss this action.  Accordingly, it is

      ORDERED that the Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 17) is denied.

      DATED at Denver, Colorado, this   13th   day of    January   , 2012.

                        BY THE COURT:

                        s/Lewis T. Babcock  
                        LEWIS T. BABCOCK, Senior Judge  
                        United States District Court